UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-511 (CEJ) |
| | ) | |
| eCAST SETTLEMENT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

**I.     Background**

Plaintiff John Murphy alleges that he defaulted on a consumer credit card debt on October 20, 2008, and that the debt was charged off in May 2009. In 2014, plaintiff initiated a Chapter 13 bankruptcy proceeding. Defendant eCast Settlement Corporation filed a proof of claim in plaintiff's bankruptcy petition, representing that it was entitled to an enforceable claim in the amount of $4,682.35. Plaintiff alleges that defendant knew the alleged debt was time-barred at the time it filed its proof of claim and misrepresented to plaintiff that it could legally enforce the debt. Plaintiff claims that defendant attempted to collect a time-barred debt in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*

**II.    Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a

complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.   Discussion

Plaintiff alleges that, by filing in the bankruptcy action a proof of claim for a time-barred debt, defendant violated 15 U.S.C. §§ 1692d—f.[1] This court has recently addressed the issue presented here. Carranza et al. v Midland Funding, LLC, No. 15-CV-559 (CEJ), Memorandum and Order (E.D. Mo. Aug. 20, 2015). In

---

[1]Section 1692d prohibits a debt collector from employing "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e prohibits a debt collector's use of "any false deceptive, or misleading representation or means in connection with the collection of any debt," including as relevant here, threatening "to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). Section 1692f generally prohibits "unfair or unconscionable" debt collection activities.

Carranza, the court determined that the defendant debt collector "held a valid, albeit time-barred, debt" and was entitled "under the Bankruptcy Code and Rules to file a proof of claim, even though it could not bring suit in state court" to recover on the stale claim. Id. at *6. As for whether filing proofs of claims on stale debt violate the FDCPA, the court ruled that, "[a]bsent some impropriety in completing the proof of claim form that amounts to abusive, false, deceptive, misleading or unconscionable conduct in violation of the FDCPA, the debtor is not entitled to relief under the FDCPA." Id. at *17.

Here, plaintiff alleges only that the proof of claim defendant filed in his bankruptcy proceeding was for a time-barred debt. He does not allege that the proof of claim was inaccurate, deceptive, or misleading in any way. See In re Gatewood, 533 B.R. 905, 910 (B.A.P. 8th Cir. 2015) (no violation of FDCPA where debt collector filed proof of claim that was "on its face accurate and not misleading"); see also Ward v. Midland Credit Mgmt., Inc., No. 4:15CV814 HEA, 2015 WL 4876221, at *3 (E.D. Mo. Aug. 14, 2015) (no violation of FDCPA where defendant filed accurate proof of claim in bankruptcy proceedings that included information regarding the timing of the debt). Plaintiff thus fails to state a claim for relief under the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim [Doc. #12] is **granted.**

_____

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2015.

3